[Crim. No. 3075.  Second Appellate District, Division Two.—March 15, 1938.]

THE PEOPLE, Respondent, v. AUSTIN M. WILSON, Appellant.

Vernon R. Hamilton & Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

WOOD, J.—At a trial before the court without a jury the defendant was convicted of the crime of attempted burglary in the second degree.  He now contends that the evidence is insufficient to sustain the conviction.

It is charged that defendant attempted to burglarize the Safeway store on Adams Street in the city of Los Angeles. Adjoining the store there is an apartment house and on October 5, 1937, at about midnight Mr. and Mrs. Burch, the occupants of an apartment on the ground floor of the apartment house, were attracted by an unusual noise at the door of the store.  Mr. Burch looked out of his window, saw a figure at the door and heard a "prying noise" at the door of the Safeway store.  Mrs. Burch telephoned to the police while Mr. Burch continued to observe the man at the door until he

went toward an alley. The manager of the apartment house was aroused and he saw defendant walking up the back stairs of the apartment house. Walking toward the rear the manager encountered defendant knocking at one of the doors. Defendant started to leave and the manager told him to wait, that the occupant of the apartment was opening the door. Defendant nevertheless went down the stairs. Police officers arrived at about this time and took from defendant's pockets a small sledge hammer, a screw driver, a pair of pliers, a small chisel, a jimmy or tire tool and a file. Defendant stated that he did not know what he was doing with the tools or where he got them. The tools found on defendant were examined and measured and were found to correspond with indentations made in and about the door of the store. A chemist testified that he had examined some orange paint which he found upon one of the tools in defendant's possession and had compared it with paint he took from the store building. He expressed the opinion that the paints were of common origin and had come from the same pot.

■ Defendant did not testify in his own behalf. His counsel refer to the testimony of a police officer that defendant appeared to be in a stupor and contend that the evidence is insufficient to establish the intent to commit burglary. They argue that defendant's purpose might have been to find a place to sleep or to use a lavatory ''or for some other innocent purpose''. It was for the trial court to determine whether defendant attempted to enter the store and the purpose for which the attempt was made. The evidence is sufficient to sustain the findings that defendant attempted to enter with felonious intent.

The judgment is affirmed.

Crail P. J., and McComb, J., concurred.